# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STOKES, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. |
| WAL-MART STORES, INC., a Delaware corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Elizabeth Stokes, individually and on behalf of all others similarly situated, by and through her undersigned counsel, and for her Class Action Complaint against Defendant Wal-Mart Stores, Inc., states as follows:

## PARTIES

1. Plaintiff Elizabeth Stokes ("Plaintiff") is a resident of Cole County, Missouri.

2. Defendant Wal-Mart Stores, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware and does business throughout the United States, including the State of Missouri.

## JURISDICTION AND VENUE

3. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial District.

1

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. §1332(d) because there is diversity of citizenship between the parties and the amount in controversy exceeds $5 million, exclusive of interest and costs.

5. The Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this state, has systematic and continuous ties with this state, and has representatives that can be found in this state. Thus, Defendant has sufficient minimum contacts with the markets in the State of Missouri, or otherwise has sufficient contacts with this District to justify it being fairly brought into court in this District.

## FACTS COMMON TO ALL COUNTS

6. Between 2010 and 2014, Plaintiff purchased and used Spring Valley brand St. John's Work and Ginkgo Biloba herbal supplements from Defendant's Wal-Mart store in Jefferson City, Missouri.

7. The Spring Valley brand of these herbal supplements is Defendant's private label brand of herbal supplements sold by Defendant in its Wal-Mart stores.

8. On February 2, 2015, the New York State Attorney General issued a cease and desist letter to Defendant, indicating *inter alia*:

    a. Contamination, substitution and falsely labeling herbal products constitute deceptive business practices and, more importantly, present considerable health risks for consumers. The Attorney General's testing upon the products purchased revealed the following:

    (1) **Gingko** [sic] **Biloba.** Negative. No gingko [sic] biloba DNA was identified. The only DNA identified was "oryza" (commonly known as rice) in 6 of the

2

fifteen tests, with other tests identifying dracaena (a tropical houseplant), mustard, wheat, and radish. Four of the tests revealed no plant DNA whatsoever;

(2) **St. John's Wort.** Negative. No St. John's Wort DNA was identified. Of the 15-tests performed, only four identified any DNA, and it included allium, oryza (x2), and cassava (garlic, rice, and a tropical root crop).

## CLASS ALLEGATIONS

9. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself and a class consisting of:

> All persons in the United States who purchased Wal-Mart's Spring Valley brand Ginkgo Paloba or St. John's Wort from Wal-Mart ("the Class"). Excluded from the Class are Defendant and its officers and directors, judicial officers presiding over this matter, and governmental entities.

10. Upon information and belief, the Class is composed of many thousands of persons and therefore the Class is so numerous that joinder of all members is impracticable.

11. There are questions of law or fact common to the Class which predominate over questions that may affect only individual members of the Class, including *inter alia*:

   a. Whether the above-referenced Spring Valley brand supplements were marketed and sold by Defendant;

   b. Whether the above-referenced Spring Valley brand supplements did not contain the ingredients as stated on their labels;

   c. Whether the above-referenced Spring Valley brand supplements contained different ingredients than those stated on their labels;

3

d. Whether Defendant's actions or omissions in the sales and marketing of the above-referenced Spring Valley brand supplements constitute a violation of the Missouri Merchandising Practices Act and substantially similar deceptive and unfair trade practice and consumer protection statutes in the other states where Defendant sells these products;

e. Whether Defendant should be ordered to pay damages to Plaintiff and the Class;

f. Whether Defendant's actions or omissions constitute a breach of warranty;

g. The amount and type of damages and other relief to be awarded to Plaintiff and Class;

h. Whether Defendant has been unjustly enriched by the sales and marketing of the above-referenced Spring Valley brand supplements; and

i. Whether Defendant should be ordered to provide restitution to Plaintiff and the Class.

12. Plaintiff's claims are typical of the claims of the Class in that Plaintiff has the same interests as all members of the Class because the nature and character of the challenged conduct is the same. Plaintiff and all members of the Class challenge Defendant's conduct under the same legal theories.

13. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in consumer class litigation. Plaintiff is a member of the Class she seeks to represent and does not have interests antagonistic to or in conflict with members of the Class. Neither Plaintiff nor Plaintiff's Counsel have any interests that might cause them not to vigorously pursue

4

this matter for the Class. Plaintiff's claims are the same as those of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and sufficiently geographically widespread that joinder of all members is impracticable. In addition, the prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and inconsistent or varying adjudications for all parties. Class treatment will permit a large number of similarly situated people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually substantially outweighs any potential difficulties in management of this class action.

## COUNT I
## UNFAIR AND DECEPTIVE TRADE PRACTICES

15. Plaintiff incorporates and realleges all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

16. In its marketing and sales to Plaintiff and the Class of the above-referenced Spring Valley brand supplements which did not contain the ingredients stated on the labels of those products, Defendant engaged in deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or

5

omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

17. Defendant's actions, as described herein, violated RSMo. §407.010 *et seq.*, the Missouri Merchandising Practices Act ("MMPA") and substantially similar deceptive and unfair trade practice and consumer protection statutes in the other states where Defendant sold these products.

18. As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiff and the Class have suffered an ascertainable loss of money or property, real or personal.

19. Plaintiff and the Class purchased the herbal supplements from Defendant primarily for personal, family, or household purposes.

20. Pursuant to Section 407.025.1 RSMo, the Court may award attorneys' fees to Plaintiff and the Class.

## COUNT II
## UNJUST ENRICHMENT

21. Plaintiff incorporates and realleges all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

22. The relevant common law in each state of each Class member is materially uniform for purposes of this Unjust Enrichment claim.

23. As a result of Defendant's deceptive and misleading advertising and marketing, Defendant was enriched, at the expense of the Plaintiff and members of the Class, through the payment of the purchase price for the above-referenced Spring Valley brand supplements.

24. Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and members of the Class in light of the fact that the products sold were not what they were represented to be. It thus would be unjust or inequitable for Defendant to retain the benefit without restitution or disgorgement of monies paid to Defendant for the above-referenced Spring Valley brand supplements, or such other appropriate equitable remedy as appropriate, to Plaintiff and members of the Class.

## COUNT III
## BREACH OF WARRANTY
## UNDER THE MAGNUSON-MOSS WARRANTY ACT

25. The preceding allegations in paragraphs 1-14 are realleged and incorporated by reference, as if fully set forth herein.

26. This Count alleges breach of warranty under the Magnuson-Moss Warranty Act on behalf of Plaintiff and all Class members.

27. Defendant made representations on the label of its products that the product contained the herb or plant material which was represented on the label and in amounts as represented, along with the phrase "freshness and potency guaranteed," *e.g*. St. John's Wort, Ginkgo Biloba.

28. Upon information and belief, said representations were false.

29. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, these representations constituted warranties that, *inter alia*, the products contained the herbal ingredient represented.

30. Plaintiff and other Class members purchased these herbal supplements at prices in excess of $5 with the belief that the representations were true and correct.

7

31. Plaintiff and other Class members have been damaged by Defendant's breach of its warranty obligations, in that the referenced products did not conform to their descriptions identified above.

32. The Magnuson-Moss Warranty Act provides for a civil action by consumers for failure to comply with its warranties arising under state law. *See* 15 U.S.C. § 2310 (d)(1).

WHEREFORE, Plaintiff and the Class demand an award against Defendant for actual and/or compensatory damages, in addition to the costs of this proceeding and attorney's fees, as provided by statute, and such other relief as the Court deems just and proper

## JURY TRIAL DEMAND

33. Plaintiff demands a trial by jury on all issues herein so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of herself and all similarly situated persons, requests judgment and relief on all cause of action as follows:

1. For an order certifying the proposed Class under FRCP 23 and appointing Plaintiff and her counsel to represent the Class;

2. For an order declaring that Defendant has violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*;

3. For an order declaring that Defendant has been unjustly enriched;

4. For an order awarding Plaintiff and the Class damages in an amount to be proven at trial, together with pre-trial and post-trial interest thereon;

5. For an order requiring Defendant to disgorge its ill-gotten profits and to provide restitution to Plaintiff and the Class;

5. For an order awarding Plaintiff and the Class attorneys' fees and costs of suit, including expert witness fees; and

6. For an order awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John Steward
John S. Steward, #45932MO
STEWARD LAW FIRM, LLC
1717 Park Avenue
St. Louis, Missouri 63104
314-571-7134
314-594-5950 fax
Glaw123@aol.com

OF COUNSEL:

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street
Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Aron D. Robinson
Law Office of Aron D. Robinson
180 W. Washington St., Suite 700
Chicago, IL 60602
312 857-9050

Cyrus Dashtaki, #57606MO
DASHTAKI LAW FIRM, LLC
5205 Hampton Avenue
St. Louis, MO 63109
(314) 832-9600
(314) 353-0181 fax
cyrus@dashtaki.com

**Attorneys for Plaintiff**